MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
EDWARD C. RADZIK
*Attorneys for Plaintiff*
Wall Street Plaza
88 Pine Street – 21st Floor

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ZURICH AMERICAN INSURANCE
COMPANY as subrogee of DSM HOLDING   Civil Action No.: 1:19-cv-
COMPANY INC.

                Plaintiff,    **COMPLAINT**

  - against -

ATLANTIC LOGISTICS SERVICES INC.,
LANDSTAR RANGER, INC. and ANCHOR
EXPRESS LLC,

                Defendants.
---------------------------------------------------------X

Plaintiff, ZURICH AMERICAN INSURANCE COMPANY as subrogee of DSM HOLDING COMPANY INC. (hereinafter "Plaintiff" or "DSM") its undersigned attorneys, MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, for its Complaint, alleges on information and belief as follows:

### GENERAL ALLEGATIONS
### APPLICABLE TO ALL CAUSES OF ACTION

**I.    JURISDICTION, VENUE AND PARTIES**

1. This Court has subject matter jurisdiction pursuant to federal law under 28 U.S.C. §1331 as a claim arising under an Act of Congress regulating commerce within the meaning of 28

U.S.C. §1337(a) and pursuant to the Carmack Amendment codified at 49 U.S.C. §14706 and/or federal common law, and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2. At and all times material hereto, Plaintiff, ZURICH AMERICAN INSURANCE COMPANY a/s/o DSM HOLDING COMPANY, INC. was and is a corporation organized and existing under the laws of the State of Illinois with an office and place of business at 1299 Zurich Way, Schaumburg, IL 60196. At and all times material hereto, ZURICH was the subrogated cargo insurer of the owner of the shipment, which forms the subject of this action.

3. Defendant, ATLANTIC LOGISTICS SERVICES, INC. is a corporation organized and existing under the laws of the State of New York, and was and now is engaged in business as a carrier of goods for hire, operates and runs routes in this District, and does business in the State of New York and in this District and has an office and place of business at 2566 Plainfield Avenue, Scotch Plaints, NJ 07076.

4. Defendant, LANDSTAR RANGER, INC. is a corporation organized and existing under the laws of the State of Delaware, and was and now is engaged in business as a carrier of goods for hire, operates and runs routes in this District, and does business in the State of New York and in this District and has an office and place of business at 1000 Simpson Road, Rockford, IL 61102.

5. Defendant, ANCHOR EXPRESS LLC, is a corporation organized and existing under the laws of the State of Texas, and was and now is engaged in business as a carrier of goods for hire, operates and runs routes in this District, and does business in the State of New York and in this District and has an office and place of business at 2300 Valley View Lane, Suite 212, Irving, TX 75062.

6. Venue is proper here within the meaning of 28 U.S.C. §1391(c) and/or 49 U.S.C. §14706(d) because Defendants are receiving and/or delivering carriers and/or do business and/or schedule or operate trucks and routes through the 48 contiguous United States including the State of New York and the area comprising the Southern District of New York.

## THE SHIPMENT

7. On or about November 6, 2017, there was shipped by DSM from Philadelphia, Pennsylvania to Des Moines, Iowa, a shipment of D-Calcium Pantothenate, then being in good order and condition (the "Shipment"). The Shipment was delivered to Defendants in good order and condition in Philadelphia, Pennsylvania. In consideration of certain agreed freight charges thereafter paid or agreed to be paid, Defendants agreed to transport and carry and/or broker and/or forward and/or otherwise arrange for transport of the Shipment to Des Moines, Iowa, and there deliver the Shipment in the same good order and condition as when received.

8. The Shipment was severely damaged by Defendants as the result of a vehicle accident on Interstate 469 in Fort Wayne, Indiana, in which the Freightliner tractor and enclosed trailer carrying the Shipment overturned causing damage to the Shipment. The Shipment was not delivered at destination in the same good order and condition as received, but, on the contrary, was severely damaged, all in violation of Defendants' obligations as carriers and/or brokers and/or forwarders and/or otherwise.

9. Plaintiff insured the Shipment against loss and damage. By reason of the loss described above, Plaintiff suffered monetary damages as nearly as now can be estimated in the sum of $963,000.00, for which Defendants are legally liable. Plaintiff brings this action on its own behalf and as agent or trustee, as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

10. Plaintiff has performed all conditions on its parts to be performed.

11. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $963,000.00.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND/OR DUTIES UNDER THE CARMACK AMENDMENT (AS AGAINST ALL DEFENDANTS)

12. Plaintiff incorporates herein by reference the allegations of Paragraphs "1" through "12" above and all of the allegations below.

13. By reason of the foregoing, each of the Defendants was a carrier of merchandise and/or a freight forwarder and breached its duties as such under the Carmack Amendment, 49 U.S.C. §1406, and/or other applicable laws and/or under the applicable transportation contracts.

14. By reason of the foregoing, each of the Defendants has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $963,000.00.

## SECOND CAUSE OF ACTION

### BREACH OF BAILMENT (AS AGAINST ALL DEFENDANTS)

15. Plaintiff incorporates herein by reference the allegations of Paragraphs "1" through "15" above.

16. Each of the Defendants was acting as bailee of the Shipment at the time of the loss. The Defendants were thereby, or through its contractors, agents, servants or sub-bailees, a bailee who warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to them and to perform their services as a bailee or to ensure

4

that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Each of the Defendants breached those bailment obligations and negligently failed to deliver to Plaintiff's assured, or its designee, the Shipment in as good condition as when entrusted to it.

17. By reason of the foregoing, each of the Defendants has caused damage to Plaintiff, DSM, and to the others on whose behalf Plaintiff, DSM, sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $963,000.00.

## THIRD CAUSE OF ACTION

### NEGLIGENCE / GROSS NEGLIGENCE
### (AS AGAINST ALL DEFENDANTS)

18. Plaintiff incorporates herein by reference the allegations of Paragraphs "1" through "18" above.

19. Each of the Defendants, by its negligence and/or gross negligence, caused the damage to the Shipment. Each of the defendants therefore improperly failed to deliver the Shipment to the consignee, or its designee, in as good condition as when entrusted to it.

20. By reason of the foregoing, each of the Defendants has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $963,000.00.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against the Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants on each of the Causes of Action for the amount of Plaintiff's damages, together with interest, attorneys' fees and costs and the disbursements of this action; and

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
June 20, 2019

          Yours, etc.

          MARSHALL DENNEHEY WARNER
          COLEMAN & GOGGIN
          *Attorneys for Plaintiff,*
          *ZURICH AMERICAN INSURANCE COMPANY*
          *a/s/o DSM HOLDING COMPANY INC.*

BY: _____/s/ Edward C. Radzik_____
      EDWARD C. RADZIK
      Wall Street Plaza
      88 Pine Street – 21st Floor
      New York, NY  10005-1801
      (212) 376-6400
      File:  30024.00344

TO: ATLANTIC LOGISTICS SERVICES INC.
      2566 Plainfield Avenue
      Scotch Plains, NJ  07076

      LANDSTAR RANGER, INC.
      1000 Simpson Road
      Rockford, IL  61102

      ANCHOR EXPRESS LLC
      2300 Valley View Lane – Suite 212
      Irving, TX  75062